AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA V. Gauri)                                        21-058

# UNITED STATES DISTRICT COURT
### for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| JACOB DEAN ROBOTIN | ) | Case No.  21-mj-1026 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 31, 2020_____ in the county of _____Philadelphia_____ in the
_____Eastern_____ District of _____Pennsylvania_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 5861(d) | On or about December 31, 2020, in the Eastern District of Pennsylvania, the defendant JACOB DEAN ROBOTIN knowingly possessed an unregistered firearm, that is, a destructive device in the form of a homemade firebomb, also known as a "Molotov cocktail," and a combination of parts designed and intended for conversion into such a destructive device and from which such destructive device may be readily assembled, which was not registered to the defendant in the National Firearms Registration and Transfer Record. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

| |
|---|
| /s Ted Wang |
| *Complainant's signature* |
| Ted Wang, FBI Special Agent |
| *Printed name and title* |

Sworn to before me and signed in my presence.

Date:   _____06/14/2021_____

| |
|---|
| /s Marilyn Heffley |
| *Judge's signature* |

City and state:   _____Philadelphia, PA_____

| |
|---|
| Marilyn Heffley, U.S. Magistrate Judge |
| *Printed name and title* |

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT (21-mj-1026)

I, Ted Wang, being duly sworn under oath and deposed, state the following:

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since July 2018. Between July 8, 2018 and November 16, 2018, I received 18 weeks of FBI training at the FBI Academy, which covered a broad range of topics, including domestic terrorism. Since January 2019, I have been assigned to the Joint Terrorism Task Force ("JTTF") of the FBI's Philadelphia Division. Among the agencies represented in the Philadelphia JTTF are the FBI and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). My duties with the JTTF include investigations of domestic terrorism and criminal violations of Title 18 of the United States Code including, but not limited to, threatening communications, bomb threats, threats to critical infrastructure, fraudulent financial filings, and weapons of mass destruction. I have conducted my own investigations and worked on multiple other cases with other FBI agents and task force officers. Prior to my employment with the FBI, I worked for approximately six years as a quality continuous improvement engineer and industrial automation consultant for Fortune 500 and Fortune 1000 companies in the pharmaceutical and manufacturing industries.

2.      This affidavit is being submitted in support of a criminal complaint and arrest warrant charging JACOB DEAN ROBOTIN, with a violation of Title 26, United States Code, Section 5861(d), for possessing an unregistered firearm, that is, a destructive device in the form of a homemade firebomb, also known as a "Molotov cocktail," and a combination of parts designed and intended for conversion into such a destructive device

1

and from which such destructive device may be readily assembled, which was not

registered to ROBOTIN in the National Firearms Registration and Transfer Record.[1]

      3.     This affidavit is based upon my personal knowledge, experience and

investigation, as well as information related to me directly or through reports of other FBI

agents, Philadelphia Police Department ("PPD") officers, and other law enforcement

officers in the course of their official duties. Throughout this affidavit, reference will be

made to "agents," referring to those federal, state and local law enforcement officers who

have directly participated in the investigation, and with whom I have had regular contact.

      4.     Because this affidavit is submitted for the limited purpose of obtaining a

criminal complaint, I have not included all information known by me or other agents

concerning this investigation. I have set forth only those facts I believe are essential to

establish the necessary foundation for the criminal complaint. This affidavit does not

exhaust my knowledge or that of other agents of the facts and circumstances surrounding

this investigation. Unless specifically indicated, all conversations and statements

---

[1]     According to 26 U.S.C. § 5845(a)(8), the term "firearm" includes "a destructive device." 26 U.S.C. § 5845(f) defines a "destructive device" as, in pertinent part:

> (1) any explosive, incendiary, or poison gas (A) bomb,….; …. and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 7684(2), 7685, or 7686 of title 10, United States Code; or any other device which the Secretary finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.

described in this affidavit are related in substance and in part. Where I assert that an event

took place on a particular date or at a particular time, I am asserting that it took place on

or about the date asserted or at approximately the time asserted. Similarly, where I assert

that a certain number of people participated in an event, I am asserting that approximately

that number of people participated in the event. In addition, where I assert that an event

took place at a certain location, I am asserting that the even took place at approximately

that location.

5.      On December 31, 2020, at 8:27 p.m., several PPD officers responded to 7th

and Arch Streets in Philadelphia, outside the Federal Detention Center ("FDC"). At this

location, a group of 40 to 50 individuals wearing dark clothing was vandalizing the FDC,

including spray painting, and setting off fireworks, including smoke bombs. Members of

the group then moved down 7th Street to Ranstead Street, west to 8th Street, north to

Market Street, and west to 9th Street outside the Robert C. Nix, Sr. Federal Building and

U.S. Courthouse ("Nix Building"). During this movement, members of the group

vandalized, including spray painting and damaging with a hammer, a Philadelphia

Sheriff's vehicle located at 7th and Market Streets.

6.      At the Nix Building, members of the group vandalized the building by

spray painting and throwing rocks to break windows. PPD officers began making arrests

of some members of the group, while other members of the group scattered in different

directions.

7.      Shortly thereafter, PPD officers observed three individuals – JACOB

DEAN ROBOTIN, Person #1, and Person #2, who appeared to be members of the group

— walking together at 7th and Chestnut Streets. All three individuals were wearing

3

backpacks. When these three individuals reached 600 Sansom Street, PPD officers

stopped the group for further investigation. PPD officers noticed that ROBOTIN had a

green, military-style backpack and was wearing dark clothing with spray paint on his

pants. Further, PPD officers noticed that Person #1 had spray paint on her hands. Person

#2 was also wearing dark clothing, had spray paint on her clothes, and was holding a gas

mask. When asked by PPD officers what they were doing, ROBOTIN, Person #1, and

Person #2 stated that they were coming back from dinner. Other PPD officers then

arrived at 600 Sansom Street and identified ROBOTIN, Person #1, and Person #2 as

being among the larger group which had members participating in the vandalism of the

Nix Building earlier in the evening. Based on the totality of evidence, PPD officers then

placed ROBOTIN, Person #1, and Person #2 under arrest, although they were not

handcuffed.

        8.      Incident to the arrests, while ROBOTIN, Person #1, and Person #2 were

still nearby, PPD officers then searched the backpacks of ROBOTIN, Person #1, and

Person #2. Inside ROBOTIN's backpack, PPD officers found a plastic bag covered with a

purple bandana. Inside the plastic bag was a glass bottle containing liquid and fuses,

along with some tape, as shown in the photos below. PPD officers noted that the glass

bottle had a heavy odor of flammable liquid. In addition, the backpack contained another

plastic bag, which covered a plastic container labeled "Fire Starter," which held a white

powdery substance. Moreover, the backpack contained additional pieces of hobby fuse,

lighters, camping heat sources, a spherical firework with a green fuse, commercially sold

firecrackers, and a small jar with unknown white powder that was labeled as "mustard

salt." PPD officers notified PPD's Bomb Disposal Unit and the Fire Marshall. PPD's

Bomb Disposal Unit took custody of these items and later transferred custody of the items to the FBI.



9.      FBI's Laboratory Division, Explosives Unit, in Quantico, Virginia subsequently determined that the above glass bottle contained gasoline, an ignitable liquid. Further, FBI's Explosives Unit determined that the glass bottle, gasoline, and fuses comprised "one (1) Improvised Incendiary Device (IID), also known as a homemade firebomb, or Molotov cocktail. The IID consists of one (1) glass bottle containing an ignitable liquid and one (1) non-electric fuzing system (Hobby Fuse) serving as a wick and heat source. The hobby fuse in this IID may be initiated by any common ignition source, such as a match, lighter flame, or other heat source. The IID is then typically thrown at an intended target, shattering on impact, and enveloping the intended target in flames. Properly assembled and initiated, this type of IID is capable of inflicting property damage, personal injury, or even death."

10.     ATF has conducted a search of the National Firearms Registration and Transfer Record and found no evidence of any registration of firearms or destructive devices by ROBOTIN.

11.     Based on the above, I believe probable cause exists that on December 31, 2020, in the Eastern District of Pennsylvania, JACOB DEAN ROBOTIN committed a violation of Title 26, United States Code, Section 5861(d), by possessing an unregistered firearm, that is, a destructive device in the form of a homemade firebomb, also known as a "Molotov cocktail," and a combination of parts designed and intended for conversion into such a destructive device and from which such destructive device may be readily assembled, which was not registered to ROBOTIN in the National Firearms Registration and Transfer Record.

/s Ted Wang
TED WANG
Special Agent
Federal Bureau of Investigation

Sworn to before me
this 14th day of June, 2021 at 2:02 p.m.

/s Marilyn Heffley
HONORABLE MARILYN HEFFLEY
United States Magistrate Judge